UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMETRICES MITCHELL,

    Plaintiff,

v.                                                             Case No. 8:14-cv-1822-T-27JSS

ROBERT McMANUS, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 47), and Plaintiff's opposition (Dkt. 53). The Motion to Dismiss is GRANTED.

### I. ALLEGATIONS OF THE AMENDED COMPLAINT

On December 16, 2010, Defendants, detectives with the Polk County Sheriff's Department, conducted surveillance from a residence at 213 Aldridge Lane, Davenport, Florida, to investigate information they received that bank fraud was occurring in Plaintiff's residence at 171 Aldridge Lane. Defendant McManus saw Sabata Bridges, who lived with his mother and Plaintiff at 171 Aldridge, exit the residence and walk to 213 Aldridge, where he removed mail from the mailbox. Defendants McManus and Bell approached Bridges, took the mail from him, and saw two envelopes from Bank of Wachovia that were addressed to Raquel Dimitri. Bridges was read his *Miranda* rights and was asked if he had identification. Bridges responded that his identification was inside his residence at 171 Aldridge.

Defendants McManus and Bell asked Bridges if they could enter his residence with him to retrieve his identification, but Bridges said no. Nevertheless, Defendants McManus, Bell, Barnes, Preston and Eichholtz entered the residence with Bridges. Bridges asked if he could get his

identification. The Defendants ignored the request and searched the home.

Defendants McManus and Bell went upstairs and entered Plaintiff's room, where he was using his computer. Plaintiff stated to them "What's going on?" "Why are you here?" and "Do you have a warrant?" McManus and Bell did not answer Plaintiff's questions. Rather, they asked him whether he instructed Bridges to remove mail from mailboxes at other residences in the neighborhood. Plaintiff answered that he had not. Defendant Barnes entered Plaintiff's room and saw a credit report in the name of Yvette Andrews on the floor. Plaintiff and Bridges were asked if they knew Andrews, and they responded that they did not. Plaintiff and Bridges were arrested and taken into custody.

Plaintiff contends that Defendants violated his rights under the Fourth Amendment, and denied him due process of law in violation of the Fifth and Fourteenth Amendments, by entering and searching his residence and arresting him without a warrant, consent, or exigent circumstances.[1] As relief, Plaintiff seeks $2,500,000.00 in compensatory damages.

## II. STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.[2]

---

[1] To the extent Plaintiff contends that Defendants violated his due process rights and "right to expectation of privacy in [his] residence" by entering his home (Dkt. 6, p. 5), those claims are subsumed within his Fourth Amendment allegations of unlawful search and seizure. *See Katz v. United States*, 389 U.S. 347, 350 (1967) ("the Fourth Amendment cannot be translated into a general constitutional 'right to privacy.'"); *Minton v. Shultz*, 2008 U.S. Dist. LEXIS 72471, at *16-17 (E.D. Tenn. Sept. 23, 2008) ("Because the focus of this case is on the use of police powers in an emergency setting, the Fourth Amendment provides the most appropriate framework for analyzing plaintiff's constitutional claims, and plaintiff's substantive due process and privacy claims are subsumed within the more particularized protection of the Fourth Amendment.").

[2] Defendants also move to dismiss under Rule 4(m), Fed.R.Civ.P. (2014), which provides, in pertinent part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless "the plaintiff shows good cause." The court finds good cause, since the record indicates that delay in service is not solely attributable to Plaintiff. *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009) ("the failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)."); *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("as long as the court-appointed agent can locate

Rule 12(b)(6) states that any Defendant may assert the defense of "failure to state a claim upon which relief can be granted" to a claim for relief. In deciding whether to grant a motion to dismiss on this ground, a court must accept "the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Starosta v. MBNA America Bank. N.A.*, 244 Fed. Appx. 939, 941 (11th Cir. 2007) (unpublished) (quoting from *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005)). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions...." *Bell Atlantic Corp. et al. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (alteration in original) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Although a *pro se* litigant must be afforded wide leeway in pleadings, a *pro se* litigant is nonetheless required to comply with the rules of civil procedure. He is "not relieved of his obligation to allege sufficient facts to support a cognizable legal claim" and is required to do more than merely label his claims. *Excess Risk Underwriters. Inc. v. Lafayette Ins. Co.*, 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002). Dismissal is, therefore, permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group. Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (citing *Marshall City Bd. Of Educ. v. Marshall City Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

## III. SUMMARY OF THE ARGUMENTS

In their motion to dismiss, Defendants contend that the Amended Complaint should be dismissed because: 1) Plaintiff is collaterally estopped from bringing his claims; 2) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); 3) Plaintiff's claims are barred by qualified

---

the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes.").

immunity; and 4) Plaintiff has not alleged "actual, compensable injury."

In response, Plaintiff argues that: 1) the search was illegal because there was no search warrant when Defendants initially entered his home, and noone gave them permission to enter the home; 2) the United States is liable for Defendants' actions under the Federal Torts Claim Act; 3) Defendants' actions constituted negligence under Florida law; and 4) Defendants are liable under *Bivens v. Six Unknown Named agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because they violated his federal constitutional rights.

## IV. DISCUSSION

### A. *Heck v. Humphrey*

In *Heck*, "the Supreme Court held that 'when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.' If so, dismissal of the suit is warranted 'unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Harrigan v. Metro Dade Police Dep't Station #4*, 636 Fed. Appx. 470, 2015 U.S. App. LEXIS 22485, at *13-14 (11th Cir. Dec. 23, 2015) (unpublished) (quoting *Heck*, 512 U.S. at 487). *Heck* generally does not bar Fourth Amendment search and seizure claims "[b]ecause an illegal search or arrest may be followed by a valid conviction. . . ." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

It is not clear that a favorable determination on Plaintiff's illegal search and seizure claim would necessarily imply the invalidity of his criminal convictions. Defendants have not shown that the entire evidentiary basis for the charges derived from the search of Plaintiff's home. Plaintiff's illegal search and seizure claim is therefore not subject to dismissal under *Heck* at this stage.

However, to the extent Plaintiff alleges a claim for false arrest (see Dkt. 6, p. 7), that claim is barred by *Heck* because he has not shown that his convictions have been invalidated. *See Simpson*

*v. Stewart*, 386 Fed. Appx. 859, 860 (11th Cir. 2010) ("If the plaintiff cannot show that his conviction or sentence has been invalidated, then he is barred from bringing a § 1983 claim for false arrest.") (citing *Heck*, 512 U.S. at 477, 486-87). Even if the claim is not barred by *Heck*, it would be dismissed for failure to state a claim, since Plaintiff does not allege any facts showing that Defendants lacked probable cause to arrest him. *See Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990) ("The existence of probable cause...is an absolute bar to a section 1983 action for false arrest.").

## B. Plaintiff is collaterally estopped from bringing this action

Florida law governs whether collateral estoppel applies. *See Brown v. City of Hialeah*, 30 F.3d 1433, 1437 (11th Cir. 1994) ("Federal courts considering whether to give preclusive effect to state court judgments must apply the State's law of collateral estoppel...."). "In Florida, collateral estoppel applies if (1) an identical issue, (2) has been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1036 (11th Cir. 2014) (citation and internal quotation marks omitted).

In his state criminal proceeding, Plaintiff moved to suppress the evidence found during the search of his home on the ground that Defendants entered and searched his home without a warrant, "proper consent," or exigent circumstances (Dkt. 47-1, pp. 6-8).[3] The state trial court held a hearing

---

[3]Defendants attached several records from Plaintiff's criminal case to the Motion to Dismiss (Dkt. 47-1) and requests the court take judicial notice of the documents (Dkt. 47, p. 2, n.2). "In ruling on a motion to dismiss, a district court may take judicial notice of certain facts, including public records, without converting a motion to dismiss into a motion for summary judgment because they are capable of accurate and ready determination." *Harvey v. United States*, 2017 U.S. Dist. LEXIS 4152, at *23 (S.D. Fla. Jan. 10, 2017) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.")). "[T]he Court may take judicial notice of documents filed in other judicial proceedings without converting a motion to dismiss to a motion for summary judgment, for the limited purpose of recognizing the subject matter of the litigation and/or issues decided." *Harvey*, 2017

5

on the motion, during which it heard testimony from Defendants McManus, Bell, and Barnes, and from Bridges (Id., p. 9). The court also considered the Application for Search Warrant, the Probable Cause Affidavits, and a transcript of the statement Bridges gave to law enforcement on December 16, 2010 (Id., pp. 9-10). The motion to suppress was denied because the state court found that Bridges voluntarily consented to Defendants' entry into the home, and the evidence was seized based on a properly issued search warrant (Id., pp. 12-14). Plaintiff subsequently pleaded no contest to two counts of criminal use of personal identification information, but reserved his right to appeal the denial of his motion to suppress (Id., pp. 16-20). His convictions were affirmed on appeal (Id., p. 40).

The issues raised by Plaintiff in this case are identical to the issues raised in his motion to suppress. The motion to suppress was fully litigated, and a final decision denying the motion was rendered by the state courts. Accordingly, if both actions involve "the same parties or privies," Plaintiff's claims are barred by collateral estoppel.

Defendants were not parties to Plaintiff's state criminal case. Nevertheless, "the Florida courts have relaxed the mutuality requirement and approved the use of defensive collateral estoppel by a defendant who was not a party, or in privity with a party, to the prior suit." *Quinn v. Monroe County*, 330 F.3d 1320, 1330 (11th Cir. 2003). *Quinn* noted that "[i]n *Zeidwig v. Ward*, 548 So. 2d 209 (Fla. 1989), the Florida Supreme Court modified the mutuality-of-parties requirement of collateral estoppel when collateral estoppel is asserted in a defensive manner and in a criminal-to-civil context...[and] concluded that a criminal defendant was estopped collaterally from

---

U.S. Dist. LEXIS 4152, at *23-24 (citing *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1166 n. 11 (11th Cir. 1995); *In re Delta Resources, Inc.*, 54 F.3d 722, 725 (11th Cir. 1995); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).

bringing a civil malpractice action against his former defense attorney after a judicial determination in the criminal case that the criminal defendant received effective assistance of counsel." *Id.*, 330 F.3d at 1331. Applying this exception, Plaintiff is collaterally estopped from re-litigating his search and seizure claim in this action.[4]

**C. Plaintiff's claim for damages must be dismissed**

To recover compensatory damages attributable to an alleged unreasonable search, *Heck* requires "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, . . . which . . . does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Heck*, 512 U.S. at 487 n.7 (internal citation omitted). Plaintiff has failed to allege that the alleged unlawful search and seizure caused him injury beyond being convicted and imprisoned. Accordingly, his claim for compensatory damages must be dismissed.

**D. Federal Torts Claim Act, negligence, and *Bivens* claims**

To the extent Plaintiff attempts to allege new legal theories in his response to the Motion to Dismiss, including a claim under the Federal Torts Claim Act, 28 U.S.C. § 1346, a state-law negligence claim, and a *Bivens* claim (Dkt. 53), he may not amend his complaint in a response to a motion to dismiss. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). Moreover, a *Bivens* claim would fail because it is cognizable only against federal employees, not state officers. *See Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) ("[A] *Bivens* case challenges the constitutionality of federal officials' conduct, while § 1983 challenges the constitutionality of state officials'

---

[4]Because this action is dismissed on the ground of collateral estoppel, the court declines to address the merits of Defendants' qualified immunity argument.

7

conduct.").

Plaintiff's purported claim against the United States under the Federal Tort Claims Act likewise would fail because Defendants are not federal employees. *See Thibeaux v. United States AG*, 275 Fed. Appx. 889, 892 (11th Cir. 2008) ("The Federal Tort Claims Act (FTCA) permits claims for certain negligent or wrongful actions by *federal employees* within the scope of their official duties.") (citing 28 U.S.C. § 1346(b)(1) (emphasis added)).

And to the extent he attempts to assert a state-law negligence claim, the court would decline to exercise pendent jurisdiction over the claim. See 28 U.S.C. § 1367(c)(3) (providing that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction"); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (Eleventh Circuit Court of Appeals has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed . . . .").[5]

Accordingly, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 47) is **GRANTED**. This case is **DISMISSED**. The **Clerk** shall close this case.

**DONE and ORDERED** on April 19, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: *Pro Se* Plaintiff
Counsel of Record

---

[5]Moreover, Defendants would be statutorily immune from individual liability for claims of simple negligence. *Woynar v. Chitwood*, 2011 U.S. Dist. LEXIS 61082, 2011 WL 2292171, at *4 (M.D. Fla. June 8, 2011).

8